<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KAREN ANN FREICHS,

                Plaintiff,                Civ. No. 09-4460 (DRD)

v.                                       <u>**O P I N I O N**</u>

LIFESTAR RESPONSE CORP., ET AL.

                Defendants.

*Appearances by:*

CAHN & PARRA, LLC
by: Steven D. Cahn, Esq.
1015 New Durham Road
Piscataway, NJ 08817

    *Attorneys for Plaintiff*

LITTLER MENDELSON, P.C.
by: Lindsay N. Schrum, Esq. and Gregory B. Reilly, Esq.
One Newark Center, 8th Floor
Newark, NJ 07102

    *Attorneys for Defendants*

**<u>DEBEVOISE, Senior District Judge</u>**

       This matter comes before the Court on a motion by Plaintiff, Karen Ann Frerichs, to remand the litigation to the Superior Court of New Jersey. Defendant Lifestar Response Corporation ("Lifestar") – a Delaware corporation with its primary place of business in Maryland – removed on August 28, 2009, alleging that this Court has jurisdiction pursuant to 28

U.S.C. § 1332 because the citizenship of the Defendants is diverse from that of the Plaintiff and the amount in controversy exceeds $75,000. Because Plaintiff's Complaint named as a Defendant Jon Colin[1] – a resident of New Jersey – this Court lacks jurisdiction under 28 U.S.C. § 1332. Therefore, Plaintiff's Motion to Remand will be granted.

## I.  BACKGROUND

The facts underlying this dispute are simple. Plaintiff is a former employee of Lifestar, which operates an ambulance service. According to Plaintiff's Complaint, Mr. Colin is "the President of the New Jersey office of [Lifestar]," and her "direct employer."[2] (Compl. ¶ 4.) Plaintiff's supervisor, Jim Dickerson, Jr., was also named as a Defendant. Mr. Dickerson is a resident of Pennsylvania.

Plaintiff alleges that she was terminated due to the fact that she suffers from "various medical conditions and/or health problems," (Compl. ¶ 3), in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. § 10:5-1 et seq. Her Complaint contains no information relating to the specific disability from which she suffers (or was perceived to suffer). Nor does it include details relating to why she believes her termination was discriminatory – i.e., whether similarly-situated individuals were retained by the company, whether she had suffered past discrimination due to her condition, or whether her condition adversely affected the performance of her duties.

Lifestar removed the litigation to this Court on August 28, 2009. In its Notice of Removal, the company acknowledged that Jon Colin is a citizen of New Jersey and had been properly served on August 6, 2009, but nonetheless contended that removal was proper because

---

[1] Mr. Colin was improperly named in the Complaint as "John Collins." There is no dispute between the parties, however, that Plaintiff intended to refer to Mr. Colin.

[2] Plaintiff appears to have misstated Mr. Colin's title. In its Notice of Removal, Lifestar stated that Mr. Colin is its Chief Executive Officer.

this Court has jurisdiction under 28 U.S.C. § 1332. Specifically, Lifestar argued that there is no "colorable ground" for Plaintiff's claim against Mr. Colin, and his joinder to the suit should therefore be disregarded for the purposes of determining whether this Court has jurisdiction.

## II. DISCUSSION

Plaintiff argues that she has asserted a good-faith claim against Mr. Colin with sufficient specificity to satisfy New Jersey pleading rules, and that the action must therefore be remanded. Lifestar counters that the Complaint contains no specific allegation that Mr. Colin aided or abetted the company in discriminating against the Plaintiff, and therefore fails to state a claim against him under the NJLAD. Moreover, Lifestar points to an affidavit submitted by Mr. Colin, in which he testified that he did not participate in Plaintiff's termination and was not present at any meeting between her and representatives of the company as proof that he was fraudulently joined.[3]

For the reasons set forth below, Lifestar's arguments are unavailing. While the Court agrees that Plaintiff's Complaint is sparse – perhaps so much so that she may have failed to state a cognizable claim against any Defendant under the federal pleading standard articulated by the Supreme Court in its recent decision in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) – the substantive merits of her claims are not at issue in the pending motion. Rather, the issue of whether this Court has jurisdiction pursuant to 28 U.S.C. § 1332 is a preliminary determination that is wholly separate from an evaluation of the merits of the claims asserted. See Quackenbush

---

[3] As discussed below, the Court's role in assessing the pending motion is not to rule on the substantive merits of Plaintiff's legal claims or veracity of the facts asserted in her Complaint. Mr. Colin's affidavit is an attempt to dispute the facts alleged in the Complaint, and does not include any concrete documentation showing conclusively that those claims could not be truthful. Therefore, it will not be considered at this stage in the proceedings. See Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) (in assessing a motion to remand, "the district court must focus on the plaintiff's complaint at the time the petition for removal was filed… and assume as true all factual allegations of the complaint.").

v. Allstate Ins. Co., 517 U.S. 706, 707 (1996) (characterizing the issue of jurisdiction as "separate from the merits"); In re Briscoe, 448 F.3d 201, 218 (3d Cir. 2006) ("because it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted, [a] district court … err[s] in converting its jurisdictional inquiry into a motion to dismiss.") (quotations omitted). Therefore, Plaintiff's Motion to Remand will be granted.

### A. Diversity of Citizenship

It is undisputed that Mr. Colin is a citizen of New Jersey. Lifestar contends, however, that the Court should rule that Mr. Colin was "fraudulently joined" because Plaintiff's allegations against him are insufficient to state a cognizable claim for relief under the NJLAD. In doing so, Lifestar misconstrues the concept of "fraudulent joinder" to involve an inquiry into the merits of the claims asserted.

"Joinder is fraudulent if [1] 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or [2] no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Briscoe, 448 F.3d at 216 (3d Cir. 2006) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). Lifestar does not maintain that the latter ground applies in this case. Rather, it argues that Plaintiff's claims against Mr. Colin are not "colorable" because they do not contain an allegation that he aided or abetted the company in discriminating against her and thus do not state a cognizable claim under the NJLAD. In short, Lifestar claims that "[n]o 'colorable basis' [for a claim] exists where this Court can discern that, as a matter of law, the Complaint fails to state a cause of action against the nondiverse defendant." (Def.'s Br. Opp'n Mot. Remand 3.)

That contention is based on a misunderstanding of the applicable case law.  In assessing a motion to remand, like with a motion to dismiss, a "district court must assume as true all factual allegations in the complaint."  Brown, 575 F.3d at 327.  However, the standard used to determine whether a claim is "colorable" for the purposes of determining whether a defendant was fraudulently joined is significantly more forgiving than that used to decide a motion to dismiss. Briscoe, 448 F.3d at 218.  "The district court must rule out any possibility that a state court would entertain the cause before holding that joinder of a non-diverse defendant was fraudulent." Id. at 219 (emphasis added).  "Unless the claims against the non-diverse defendant could be deemed wholly insubstantial and frivolous, … the joinder [sh]ould not be considered fraudulent." Id. at 218.  Thus, a district court attempting to determine whether a defendant was fraudulently joined must "pierce the pleadings to determine whether a plaintiff has asserted a colorable claim against the non-diverse defendant."  Id. (quotation omitted).

When viewed in light of that standard, Plaintiff's Complaint clearly states a "colorable" claim against Mr. Colin.  Although she admits that her Complaint does not explicitly state that Mr. Colin "aided and abetted" in Lifestar's purportedly discriminatory practices, Plaintiff avers that it was, in particular, her termination that constituted such discrimination, and states that Mr. Colin and another Defendant, Jim Dickerson, carried out the termination.  (Compl. ¶¶ 5, 8.) Moreover, Plaintiff alleges that Mr. Colin was her "direct employer," thus implying that she was either terminated on his authority or he was responsible for communicating with company decision-makers regarding her disability and eventual firing.  In light of those allegations, the Court finds that – regardless of whether Plaintiff's claim meets the standard necessary to overcome a motion to dismiss – the allegations against Mr. Colin are not "wholly insubstantial and frivolous," and his joinder therefore "[sh]ould not be considered fraudulent."  See Briscoe,

448 F.3d at 218.  Therefore, the Court rejects Lifestar's argument that the joinder of Mr. Colin should be ignored for the purposes of determining whether diversity jurisdiction exists, and will remand the matter to the Superior Court of New Jersey.

The statute governing motions to remand, 28 U.S.C. § 1447(c), gives the Court discretion to award attorneys' fees and costs incurred as the result of wrongful removal.  The Plaintiff in this case has not requested such fees.  Moreover, while the Court finds that Lifestar's removal was based on a misunderstanding of the applicable case law, that misunderstanding does not appear to have been the result of bad faith or gamesmanship.  Therefore, the Court will exercise its discretion not to award fees or costs.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand this action to the Superior Court of New Jersey is granted.

The Court will enter an Order implementing this Opinion.

      **s/ Dickinson R. Debevoise**
      DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: November 3, 2009